IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| C --------- K -------, a minor child,<br>by and through her PARENTS and next friends,<br>A ------ K ------- and<br>P -------- M ------<br><br>    Plaintiffs<br><br>v.<br><br>BALTIMORE CITY<br>BOARD OF SCHOOL COMMISSIONERS,<br>et al.<br><br>and<br><br>BALTIMORE CITY PUBLIC SCHOOLS, et al.<br><br>    Defendants | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. GLR-22-804<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The Defendants, Baltimore City Board of School Commissioners, which operates a system of public schools known as Baltimore City Public Schools (also named as a Defendant), by their undersigned attorneys, hereby answer the allegations set forth in Plaintiffs' Complaint as follows.

    I.        The "Nature of Action" section of the Complaint states conclusions of law which the Defendants are not required to admit or deny.

    II.       The "Jurisdiction" section of the Complaint states conclusions of law which the Defendants are not required to admit or deny.

Numbered Paragraphs of Complaint:

1. The Defendants admit the allegations set forth in Paragraph 1 of the Complaint.

2. The Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint to the extent that Baltimore City Board of School Commissioners operates a system of public schools known as Baltimore City Public Schools; however, Baltimore City Public Schools is not a separate legal entity as defined by Plaintiffs in this Paragraph.  Defendants move to dismiss Baltimore City Public Schools as a named defendant in this case.

4. The Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5. The Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6. The Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. The Defendants admit the allegations set forth in Paragraph 7 of the Complaint to the extent that Plaintiff lived with her parents at the time of the hearing, but Defendants have insufficient knowledge as to whether Plaintiff currently lives with her parents.

8. The Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9. The Defendants admit the allegations set forth in the first sentence of Paragraph 9 of the Complaint.  The Defendants deny the remaining allegations set forth in this Paragraph.

10. The Defendants have insufficient information to admit or deny the allegations set forth in Paragraph 10 of the Complaint as the paragraph does not define "history" for the student and does not specify the time or place for the behaviors described.

11. The Defendants have insufficient information to admit or deny the allegations set forth in Paragraph 11 of the Complaint as there is no evidence supporting these allegations in the administrative hearing record.  Defendants add that the only reference to the student receiving speech and language services from City Schools in the administrative hearing record is between the ages of two and three through the Infants and Toddlers program.

12. The Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13. The Defendants admit the allegations set forth in Paragraph 13 of the Complaint to the extent that this was the testimony of Plaintiffs' father at the hearing.  Defendants have insufficient information to independently verify the accuracy of these allegations.

14. The Defendants admit the allegations set forth in Paragraph 14 of the Complaint.

15. The Defendants admit the allegations set forth in the first and third sentences of Paragraph 15 of the Complaint. Defendants deny the allegations set forth in the second sentence of this Paragraph.  Defendants have insufficient information to admit or deny the allegations set forth in the fourth and fifth sentences of this Paragraph.

16. The Defendants have insufficient information to admit or deny the allegations set forth in the first sentence of Paragraph 16 of the Complaint as there is no reference in the administrative hearing record pertaining to any outpatient therapy through Johns Hopkins Hospital at age six and if Plaintiffs did place the student in outpatient therapy, Defendants do not know Plaintiffs' thought process or state of mind for doing so.  Defendants also have insufficient information to admit or deny the

allegations set forth in the second sentence of Paragraph 16 of the Complaint as there is no reference in the administrative hearing record pertaining to any therapeutic services from the KKI Psychiatric Mental Health Program during the time period noted in the sentence. Defendants add that the only reference in the administrative record is that she was followed by the Center for Development and Learning at KKI since September 2017, but Defendants cannot verify the veracity of this statement. Defendants have insufficient information to admit or deny the allegations set forth in the third sentence of Paragraph 16 of the Complaint as they do not know what kind or if the student is receiving therapy "currently" or as of the filing of Plaintiffs' Complaint, as the allegations state. Defendants add that the last contact they had with the Plaintiffs was during the administrative hearing which ended on December 13, 2021.

17. The Defendants admit the allegations set forth in Paragraph 17 of the Complaint.

18. The Defendants admit the allegations set forth in Paragraph 18 of the Complaint only to the extent that the student received standard scores of 80 for Full Scale IQ, 71 for Working Memory, 78 for Verbal Comprehension, but deny the percentiles referenced in this Paragraph. Defendants deny the remaining allegations set forth in the last sentence in this Paragraph as the student exhibits many strengths in the areas of attention, executive functioning, written expression, and mood/behavior.

19. The Defendants have insufficient information to admit or deny the allegations set forth in Paragraph 19 of the Complaint as they pertain to thought process.

20. The Defendants admit the allegations set forth in Paragraph 20 of the Complaint.

21. The Defendants admit the allegations set forth in Paragraph 21 of the Complaint.

22. The Defendants admit the allegations set forth in Paragraph 22 of the Complaint. Defendants add that the student had been privately placed by her parents at Baltimore Lab School since first grade and had not attended City Schools.

23. The Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

24. The Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. The Defendants admit the allegations set forth in the first and sixth sentences of Paragraph 25 of the Complaint. Defendants deny the allegations and characterizations set forth by Plaintiffs in the second, third, fourth, and seventh sentences of this Paragraph. Defendants admit the allegations set forth in the fifth sentence of this Paragraph only to the extent that the IEP appropriately proposed five hours of service in the general education setting in addition to the instructional accommodations and supplemental aids and supports that would be provided throughout the school day, and deny the remaining comparisons and characterizations set forth in this sentence. Defendants deny the context and characterization set forth by Plaintiffs of Defendants' feedback to the parents in the eighth sentence of this Paragraph as Plaintiffs omit that Defendants directed the parents to City Schools' website for information about the School Choice program. Defendants admit the allegations set forth in the ninth sentence of this Paragraph to the extent that the IEP was not provided at the meeting, but within a reasonable time after the meeting so that all the revisions to the draft IEP discussed at the meeting could be incorporated therein.

26. The Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. The Defendants admit the allegations set forth in Paragraph 27 of the Complaint.

28. The Defendants admit the allegations set forth in Paragraph 28 of the Complaint.

29. The Defendants admit the allegations set forth in Paragraph 29 of the Complaint.

30. The Defendants admit the allegations set forth in Paragraph 30 of the Complaint.

31. The Defendants admit the allegations set forth in Paragraph 31 of the Complaint.

32. Paragraph 32 is a restatement of Paragraphs 1 through 30 of the Complaint. The Defendants restate their Answer to Paragraphs 1 through 30 as Answer to Paragraph 32 of the Complaint.

33. The Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. The Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35. The Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

### **DEFENSE 1**

The Complaint fails to state a claim upon which relief can be granted.

### **DEFENSE 2**

The Plaintiffs failed to meet their burden of proof at the administrative hearing.

### **DEFENSE 3**

As explained in Answer 3 to Paragraph 3 of this Complaint, Defendants move to dismiss this Complaint against the Baltimore City Public Schools as it is not a separate legal entity from the Baltimore City Board of Commissioners as defined by Plaintiffs in this Complaint. Accordingly, pursuant to Fed. R. Civ. P. 12(b), Defendants move to dismiss Baltimore City Public Schools as a named defendant

in this case.

WHEREFORE, having fully answered the Complaint, the Defendants respectfully ask this Honorable Court to dismiss the Complaint with costs, deny all of the Plaintiffs' prayers for relief, and grant such other and further relief as the Court deems fair and just.

Respectfully submitted,

_____/s/_____
Manisha S. Kavadi, Bar # 12687

msk@carneykelehan.com

CARNEY, KELEHAN, BRESLER,
BENNETT & SCHERR, LLP
10715 Charter Drive, Suite 200
Columbia, MD 21044
410-740-4600 (telephone)
301-621-5273 (facsimile)

_____ /s/ _____
Joshua I. Civin, Bar # 28772

JCivin@bcps.k12.md.us

Office of Legal Counsel –
Baltimore City Public Schools
200 E. North, Suite 208
 Baltimore, Maryland 21202
(410) 396-8542 telephone

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2022, a copy of the foregoing document was served on all counsel of record through the CM/ECF system.

_____ /s/ _____
Manisha Kavadi